J-S46009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS BILLA | : | |
| | : | |
| Appellant | : | No. 2605 EDA 2019 |

Appeal from the PCRA Order Entered July 29, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0136311-1987

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 8, 2020**

Appellant, Louis Billa, appeals *pro se* from the post-conviction court's

July 29, 2019 order denying, as untimely, his petition filed under the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review,

we affirm.

The facts of Appellant's underlying convictions are not pertinent to his

present appeal.  The PCRA court summarized the procedural history of his

case, as follows:

> On June 11, 1987, a jury found [Appellant] guilty of [first-degree] murder, escape, theft and [possessing an instrument of crime (PIC)].  On November 18, 1987, [the trial court] sentenced [Appellant] to death.  [Appellant] appealed his judgment of sentence.  On April 18, 1988, the Supreme Court of Pennsylvania vacated the judgment of sentence and remanded the matter for a new trial.  ***Commonwealth v. Billa***, 555 A.2d 835 (Pa. 1988).
>
> On January 11, 1990, [Appellant] appeared before [the trial court] and pled guilty to first[-]degree murder, PIC, and escape. [The court] sentenced him to life in prison[, without the possibility

of parole,] plus 3½ to 7 years['] incarceration on the remaining charges. [Appellant] did not file a direct appeal.

On June 13, 2012, [Appellant] filed a [*pro se*] PCRA petition. On August 20, 2015 and March 23, 2016, [Appellant] filed supplemental [*pro se*] PCRA petitions. In these petitions, [Appellant] claimed that he received ineffective assistance of counsel [in regard to his] guilty plea[, relying on **Lafler v. Cooper**, 566 U.S. 460 (2012), and **Missouri v. Frye**, 566 U.S. 134 (2012). Appellant also claimed] that he was due relief under **Miller** [**v. Alabama**, 567 U.S. 460 (2012),] as a "technical juvenile,"[1] and that he was due relief under **Obergefell** [**v. Hodges**, 576 U.S. 644 (2015),] based upon an equal protection argument. On August 25, 2017, this matter was reassigned to this [c]ourt. On July 11, 2018, Louis Savino, Esquire[,] was appointed as PCRA counsel. On June 17, 2019, counsel filed a no-merit letter,[2] arguing that [Appellant's] petition was untimely and that his **Lafler/Frye**, **Miller**, and **Obergefell** claims were without merit. On June 25, 2019, this [c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to [Pa.R.Crim.P.] 907. On July 18, 2019, [Appellant] replied to this [Rule] 907 notice. On July 30, 2019, this [c]ourt dismissed [Appellant's] petition based upon counsel's [**Turner/**]**Finley** letter. On August 26, 2019, [Appellant] filed a [*pro se*] Notice of Appeal….

PCRA Court Opinion (PCO), 12/16/19, at 2.

The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a)

---

[1] Appellant concedes that he was 21 years old at the time of the offense. **See** Appellant's Brief at 12.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements counsel must meet to withdraw from representing a PCRA petitioner, including the filing of a 'no-merit' letter detailing why the claims the petitioner seeks to raise lack merit).

opinion on December 16, 2019.   Herein, Appellant states five issues for our review:

> [I.] Appellant is entitled to relief pursuant to **Lafler** … and **Frye**, constituting ineffective assistance of all prior counsel of record[.]
>
> [II.] Mandatory life-without-parole terms for adults in non-homicide and homicide cases violate[] state and federal equal protection clauses, as well as Art. 7 of the Universal Declaration of Human Rights[.]
>
> [III.] Mandatory life-without-parole terms for individuals over 17 but below age 25 violate the Eighth Amendment, Art. 5 of the Universal Declaration of Human Rights, as well as Art. 1, § 13 of the Pennsylvania Constitution[.]
>
> [IV.] A new trial with a "life qualified" jury must be awarded because [Appellant's] age changes the possible punishment for first/second degree murder[.]
>
> [V.] The trial court's alleged sentence of life without the possibility of parole is unconstitutional because it violates [Appellant's] right to equal protection of the law pursuant to **Obergefell**…[.]

Appellant's Brief at 1-2 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.   **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).   We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.   **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007).   Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3]

---

[3] An amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). That amendment applies to any claims arising on or after December 24, 2017.

Here, Appellant's judgment of sentence became final in February of 1990, thus making his present petition, filed in 2012, patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant first argues that he meets the newly-recognized constitutional right exception of section 9545(b)(1)(iii) based on the **Lafler/Frye** decisions, in which the United States Supreme Court discussed conduct that constitutes ineffective assistance of counsel during the plea bargaining process. However, this Court has held that neither **Lafler** nor **Frye** created a new constitutional right; instead, those cases merely clarified the scope of the well-established right to effective representation during the plea negotiation process. **See Commonwealth v. Feliciano**, 69 A.3d 1270, 1276-77 (Pa. Super. 2013). Therefore, Appellant cannot rely on **Lafler/Frye** in an attempt to satisfy a timeliness exception.

We also reject Appellant's attempt to meet the newly-recognized constitutional right exception based on **Miller**. There, the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." **Miller**, 567 U.S. at 479. Appellant concedes that he was 21 years old at the time of his crime, but argues that the rationale of **Miller** must apply, under equal protection principles, because he was a 'technical juvenile' at the time of his crimes. Appellant's argument has already been rejected by this

Court, which has made clear that "[t]he ***Miller*** decision applies only to those defendants who were 'under the age of 18 at the time of their crimes.'" ***Commonwealth v. Furgess***, 149 A.3d 90, 94 (Pa. Super. 2016) (quoting ***Miller***, 567 U.S. at 465). We have also found meritless the 'technical juvenile' argument, explaining that "a contention that a newly-recognized constitutional right ***should*** be extended to others does not render a petition seeking such an expansion of the right timely pursuant to section 9545(b)(1)(iii)." ***Id.*** (brackets omitted; emphasis in original) (quoting ***Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa. Super. 2013)). Consequently, Appellant cannot rely on ***Miller*** to meet a timeliness requirement.

Finally, Appellant argues that he must be afforded the opportunity for parole under the equal protection principles espoused in ***Obergefell***. In that case, the United States Supreme Court held "that the right to marry is a fundamental right inherent in the liberty of the person, and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment[,] couples of the same-sex may not be deprived of that right and that liberty." ***Obergefell***, 576 U.S. at 675. The Court also directed that states must recognize lawful, same-sex marriages performed in other states. ***Id.*** at 681.

Here, Appellant claims that the equal protection and due process rationale underlying the ***Obergefell*** decision leads to the conclusion that Pennsylvania cannot impose a sentence of life imprisonment, without the possibility of parole, when other states do not allow such sentences. However,

as the PCRA court observes, the ***Obergefell*** Court "did not recognize an inherent[,] fundamental right to parole eligibility; its holding was limited to same-sex couples and their right to marry." PCO at 7. The court is correct. Nothing in the ***Obergefell*** decision indicates that the Supreme Court intended to recognize a new principle of constitutional law that is to be retroactively applied to criminal cases on PCRA review. Therefore, Appellant has failed to meet a timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/08/2020